1   SEYFARTH SHAW LLP
    Ritika Singh (SBN 329197)
2   risingh@seyfarth.com
    2323 Ross Avenue, Suite 1660
3   Dallas, Texas 75201
    Telephone:  (469) 608-6763
4

5   *Counsel for Defendant*
    *Equifax Information Services LLC*
6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  SUSAN LEE,                              Case No. 2:25-cv-03415-DAD-AC

12              Plaintiff,                  **DEFENDANT EQUIFAX INFORMATION
                                            SERVICES LLC'S ANSWER TO
13        v.                                PLAINTIFF'S COMPLAINT AND
                                            AFFIRMATIVE AND OTHER DEFENSES**
14  EDFINANCIAL SERVICES, LLC; U.S.
    DEPARTMENT OF EDUCATION; EQUIFAX
15  INFORMATION SERVICES LLC;
    TRANSUNION LLC; AND EXPERIAN
16  INFORMATION SOLUTIONS, INC.,

17              Defendants.

18

19        Defendant EQUIFAX INFORMATION SERVICES LLC ("Equifax") by and through its attorneys

20  hereby submits its Answer to Plaintiff's Complaint and Affirmative and Other Defenses, as follows:

21                        **PRELIMINARY STATEMENT**

22        In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself

23  only, even where the allegations pertain to alleged conduct by all Defendants.  Equifax denies any and

24  all allegations in the headings and/or unnumbered paragraphs in the Complaint.

25                             **ANSWER**

26        In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax

27  responds as follows:

28

1

**INTRODUCTION**

2

**COMPLAINT ¶1:**

3   Plaintiff SUSAN LEE ("Plaintiff") brings this action to challenge the illegal actions of defendants

4   EDFINANCIAL SERVICES, LLC ("EdFinancial"); U.S. DEPARTMENT OF EDUCATION ("DOE" or

5   "Department of Education"); EQUIFAX INFORMATION SERVICES LLC ("Equifax");

6   TRANSUNION LLC ("TransUnion") and EXPERIAN INFORMATION SOLUTIONS, INC.

7   ("Experian") (together the "Defendants") for violations of: (1) the Fair Credit Reporting Act ("FCRA"),

8   15 U.S.C. §§ 1681, *et seq.*; (2) California Consumer Credit Reporting Agencies Act ("CCCRAA"), Cal.

9   Civ. Code § 1785.1, *et seq.*; (3) the California Identity Theft Act ("CITA"), Cal. Civ. Code § 1798.92, *et*

10  *seq.*; and (4) the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, *et*

11  *seq.*

12  **ANSWER:**

13  Equifax admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act

14  ("FCRA"), the California Consumer Credit Reporting Agencies Act ("CCCRAA"), the California Identity

15  Theft Act ("CITA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), but Equifax

16  denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from

17  Equifax. Equifax denies the remaining allegations in this paragraph.

18  **COMPLAINT ¶2:**

19  This action arises out of Defendants' unlawful conduct with regards to the collection and/or the

20  continued reporting of fraudulent debts to Plaintiff's credit reports that was the result of identity theft.

21  **ANSWER:**

22  Equifax admits that Plaintiff purports to make such allegations.  Equifax denies that it violated the

23  FCRA, CCCRAA, or any other law, denies it is liable to Plaintiff, and denies any remaining allegations

24  in this paragraph.

25  **COMPLAINT ¶3:**

26  The United States Congress has found abundant evidence of the use of abusive, deceptive, and

27  unfair debt collection practices by many debt collectors, and has determined that abusive debt collection

28

2

322357494v.1

practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶4:**

Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶5:**

The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶6:**

The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors

322357494v.1

must be prohibited from engaging in unfair or deceptive acts or practices. *See* Cal. Civ. Code §§ 1788.1(a)-(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶7:**

In addition, the United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶8:**

As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

4

**COMPLAINT ¶9:**

The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶10:**

Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶11:**

While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶12:**

All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶13:**

Unless otherwise stated, all the conduct engaged in by Defendants took place in California and within the County of Sacramento.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶14:**

Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**JURISDICTION AND VENUE**

**COMPLAINT ¶11:** *[sic]*

This action arises out of Defendants' violations of FCRA, CCCRAA, CITA, and RFDCPA.

**ANSWER:**

Equifax admits that Plaintiff purports to bring an action pursuant to the FCRA, the CCCRAA, the CITA, and the RFDCPA, but Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶12:**

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p (FCRA); and 28 U.S.C. § 1367 for supplemental state claims which are related to claims in the action within such original jurisdiction and form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶13:**

The violations alleged herein against Plaintiff, at all relevant times herein, occurred in the County of Sacramento, State of California, where Plaintiff resides.

322357494v.1

1

**ANSWER:**

2

Equifax denies the allegations in this paragraph.

3

**COMPLAINT ¶14:**

4

Because Defendants conduct substantial business directed to and within the State of California

5

(including within the County of Sacramento), personal jurisdiction is established, and Defendant Experian

6

is headquartered in the State of California.

7

**ANSWER:**

8

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may

9

exercise its subject matter jurisdiction.  Equifax also admits that it is registered to do business in the State

10

of California. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining

11

allegations in this paragraph and, on that basis, denies the allegations contained therein.

12

**COMPLAINT ¶15:**

13

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (1) the acts and transactions

14

occurred within this judicial district; (2) Defendants transact business in this judicial district, at all times

15

relevant; and (3) because Defendants are subject to personal jurisdiction in this judicial district.

16

**ANSWER:**

17

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C.

18

§ 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

19

**PARTIES**

20

**COMPLAINT ¶16:**

21

Plaintiff is a natural person who at all relevant times alleged herein is a resident of the County of

22

Sacramento, State of California, from whom Defendants sought to collect a fraudulent consumer "debt,"

23

which is alleged to be due and owing from Plaintiff, as defined by Cal. Civ. Code § 1788.2(d).

24

**ANSWER:**

25

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

26

paragraph and, on that basis, denies the allegations contained therein.

27

28

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

**COMPLAINT ¶17:**

Such "debt" was the result of "identity theft" as defined by Cal. Civ. Code § 1798.92(b). Additionally, Plaintiff is a "debtor," as that term is defined by Cal. Civ. Code § 1788.2(h). Plaintiff is also a "victim of identity theft" as that term is defined by Cal. Civ. Code § 1798.92(d).

**ANSWER:**

Equifax states that this paragraph contains legal conclusions not subject to admission or denial. If further response is required, Equifax states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COMPLAINT ¶18:**

Further, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c); and is a "person" as defined by Cal. Civ. Code § 1788.2(g).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶19:**

Upon information and belief, EdFinancial is a student loan servicing company organized and existing under the laws of the State of Nevada, with its headquarters located in Knoxville, Tennessee. EdFinaincal regularly services, collects, and furnishes information regarding consumer student loan accounts, including the accounts at issue in this case.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:**

EdFinancial is also a "claimant" as that term is defined by Cal. Civ. Code § 1798.92(a).

322357494v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶21:**

EdFinancial is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶22:**

Upon information and belief, DOE is a federal agency of the United States government in Washington, D.C. Through its office of Federal Student Aid ("FSA"), the DOE originates, owns, services, collects, and furnishes information regarding federal loan accounts.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶23:**

DOE is also a "person" as that term is defined in 15 U.S.C. §1681a(b), which expressly includes governmental agencies, as confirmed by the Supreme Court in *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 144 S. Ct. 457 (2024) (finding sovereign immunity does not bar private causes of action for money damages against federal agencies, such as the Department of Education, under the FCRA).

**ANSWER:**

Equifax states that this paragraph contains legal conclusions not subject to admission or denial. If further response is required, Equifax states that it is without knowledge or information sufficient to form

322357494v.1

a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COMPLAINT ¶24:**

DOE is also a furnisher of information as depicted by 15 U.S.C. §1681s-2(b), in that it regularly and in the ordinary course of its operation provides information to one or more consumer reporting agencies regarding federal student loan accounts, and transactions with consumers.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶25:**

Upon information and belief, Equifax is a limited liability company operating from an address of 1550 Peachtree Street, N.W., Atlanta, Georgia 30309, and is a "person" as defined by 15 U.S.C. § 1681a(b).

**ANSWER:**

Equifax admits that it is a Georgia limited liability company. Equifax further admits that it maintains an address at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶26:**

Upon information and belief, TransUnion is a corporation operating from 555 W Adams St., Chicago, IL 60661, and is a "person" as defined by 15 U.S.C. § 1681a(b).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶27:**

Upon information and belief, Experian is a California corporation operating from an address of 475 Anton Blvd., Costa Mesa, CA 92626, and is a "person" as defined by 15 U.S.C. § 1681a(b).

10

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶28:**

Equifax, TransUnion, and Experian are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) (Equifax, TransUnion, and Experian are collectively referred to as "Credit Reporting Agencies" or "CRAs").

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶29:**

This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

**ANSWER:**

Equifax states that this paragraph contains legal conclusions not subject to admission or denial. If further response is required, Equifax states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COMPLAINT ¶30:**

This action arises out of an alleged fraudulent "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

**ANSWER:**

Equifax states that this paragraph contains legal conclusions not subject to admission or denial. If further response is required, Equifax states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COMPLAINT ¶31:**

This matter involves a "consumer credit transaction" (i.e. a transaction between in which property or money was acquired on credit primarily for personal, family, or household purposes). *See* Cal. Civ. Code §§ 1788.2(e), 1788.2(f), 15 U.S.C. § 1692a(5), and 15 U.S.C § 1679a(2).

**ANSWER:**

Equifax states that this paragraph contains legal conclusions not subject to admission or denial. If further response is required, Equifax states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COMPLAINT ¶32:**

This case also involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit transaction" as those terms are defined by Cal. Civ. Code § 1788.2(e) & (f).

**ANSWER:**

Equifax states that this paragraph contains legal conclusions not subject to admission or denial. If further response is required, Equifax states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**FACTUAL ALLEGATIONS**

**COMPLAINT ¶31:** *[sic]*

At all times relevant, Plaintiff is and was an individual, and a victim of identity theft, residing within the State of California.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

322357494v.1

**COMPLAINT ¶32:**

Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California and within this district.

**ANSWER:**

Equifax admits that it is registered to do business in the State of California. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶33:**

Sometime in or around May of 2025, Plaintiff began the process of looking to purchase a new personal residence. This prompted Plaintiff to review her Experian credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶34:**

Upon reviewing her credit file, Plaintiff was shocked to see that there were two accounts on her credit report that did not belong to her.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶35:**

Indeed, Plaintiff saw two student loans that were opened in September of 2024 and were being reported by EdFinancial in the amounts of $1,750 and $3,000 (the "EdFinancial Account").

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

**COMPLAINT ¶36:**

At no point in time did Plaintiff apply for, benefit from, or authorize anyone to open the EdFinancial Account using her personal identifying information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶37:**

Plaintiff also learned that the EdFinancial Account was being reported to her Trans Union and Equifax credit reports as well.

**ANSWER:**

Equifax admits that, at times, EdFinancial has furnished information to it concerning Plaintiff. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶38:**

Plaintiff's credit score was negatively impacted due to the presence of the EdFinancial Account on her credit reports.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶39:**

Although Plaintiff was listed as the account holder for the EdFinancial Account, Plaintiff has had no education or enrollment activity since attending Consumer River College ("CRC") for a single day in 2006.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

14

322357494v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT ¶40:**

Because Plaintiff was not enrolled in school (and did not seek or apply for any student loans), it was immediately clear that the EdFinancial Account was fraudulently opened in Plaintiff's name.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶41:**

Plaintiff eventually learned that the address associated with the EdFinancial Account was in San Francisco, California. At all times relevant, Plaintiff has lived and maintained addresses in Sacramento, California.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶42:**

Plaintiff did not recognize the San Francisco address associated with the EdFinancial Account, but upon a google search, the address appears to be a residence located on Fremont St, San Francisco, CA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶43:**

Additionally, the email associated with the EdFinancial Account ending in 6921@gmail.com does not belong to Plaintiff nor does the telephone number, which ends in 5743.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

**COMPLAINT ¶44:**

Upon finding out that her identity had been stolen, Plaintiff immediately began disputing the EdFinancial Account with Experian and placed a fraud alert on her credit file.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶45:**

The very next day (May 16, 2025), Plaintiff spoke with a representative of EdFinancial identified as "Jessica" regarding the fraudulent EdFinancial Account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶46:**

Jessica informed Plaintiff that EdFinancial would send Plaintiff a Loan Discharge Application packet and that EdFinancial would flag the EdFinancial Account as being disputed as fraudulent in EdFinancial's system.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶47:**

On May 16, 2025, Plaintiff also filed a police report with the Sacramento Police Department regarding the fraudulent EdFinancial Account opened using her personal identifying information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

322357494v.1

**COMPLAINT ¶48:**

Plaintiff also completed an Identity Theft Victim's Complaint and Affidavit prepared by the Federal Trade Commission (the "FTC Fraud Affidavit") on May 16, 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶49:**

In the FTC Fraud Affidavit, Plaintiff affirmed that: (1) she did not authorize the opening of the EdFinancial Account using her personal information, nor did she allow anyone to do so on her behalf; (2) she has no affiliation or connection with the address, phone number, or email address associated with the fraudulent loan applications; (3) she did not attend the college the EdFinancial Account was associated with (Cosumnes River College, "CRC") or any other education institution at the time the fraudulent loans were opened; and (4) Plaintiff is willing to work with law enforcement to investigate the fraud.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶50:**

On or about May 19, 2025, Plaintiff reviewed her Experian credit report and was frustrated to see that the EdFinancial Account was still reporting.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶51:**

On or about May 20, 2025, Plaintiff contacted another representative of EdFinancial, identified as "Shawn," who provided additional information concerning the fraudulent EdFinancial Account opened in Plaintiff's name.

322357494v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶52:**

According to Shawn, the individual who opened the EdFinancial Account purportedly withdrew from CRC on December 26, 2024. The loan proceeds were disbursed to CRC on September 26, 2024, in the respective amounts of $1,750 and $3,000.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶53:**

Shawn further explained that the U.S. Department of Treasury would have issued a check to the fraudster who withdrew from school (likely to the San Francisco address associated with the EdFinancial Account).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶54:**

Shawn also provided Plaintiff with the names and telephone numbers of the individuals associated with the fraudster that were provided as references. These individuals were identified as "Mina Bagherzadeh," with the correlating telephone number "714-XX-7896" and "Stefanie Cause" with the correlating telephone number "562-XXX-6504:"

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

**COMPLAINT ¶55:**

Plaintiff has no connection or relation to these individuals, nor does she know anyone with these names.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶56:**

In order to attempt to fix the reporting of the EdFinancial Account on her credit reports, Plaintiff sent written disputes dated May 21, 2025, via certified mail to Equifax, TransUnion, and Experian explaining the details of Plaintiff's stolen identity and requesting the inaccurate information on Plaintiff's credit report concerning the EdFinancial Account be removed.

**ANSWER:**

Equifax admits that on May 27, 2025, it received a letter from Plaintiff, or someone purporting to be Plaintiff, concerning the EdFinancial accounts, the contents of which speak for themselves. Equifax denies reporting inaccurate information.

**COMPLAINT ¶57:**

The May 21, 2025, dispute sent to Equifax, TransUnion, and Experian also contained: (1) Plaintiff's driver's license; and (2) a copy of Plaintiff's credit report that showed the fraudulent reports and fraudulent address.

**ANSWER:**

Equifax admits that on May 27, 2025, it received a letter from Plaintiff, or someone purporting to be Plaintiff, concerning the EdFinancial accounts, the contents of which speak for themselves.

**COMPLAINT ¶58:**

On or about May 21, 2025, Plaintiff also completed and faxed the Loan Discharge Application packet to EdFinancial as requested, which provided details about the identity theft including: (1) Plaintiff's contact information; (2) a narrative about the fraud; and (3) details about the fraudulent EdFinancial Account.

322357494v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶59:**

The May 22, 2025, packet sent to EdFinancial also included: (1) the FTC Fraud Affidavit; (2) the Police Report; (3) copies of the disputes Plaintiff submitted to the consumer reporting agencies; (4) the FTC Fraud Affidavit and Consumer Report to the FTC; (5) records of Plaintiff's prior communications with EdFinancial disputing the fraudulent EdFinancial Account (including the names of the individuals Plaintiff spoke with at EdFinancial and when); (6) Plaintiff's government-issued photo ID; (7) a utility bill reflecting Plaintiff's residence and address at the time the loans were purportedly made; and (8) a lease agreement further confirming Plaintiff's address in Sacramento. Upon information and belief, these documents were forwarded to DOE.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶60:**

That same day, Experian had confirmed receipt of Plaintiff's dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶61:**

On May 23, 2025, Plaintiff visited CRC in person to discuss the fraudulent student loans opened in her name.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

322357494v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT ¶62:**

A CRC representative named "Moua" flagged Plaintiff's record for student fraud and identity theft, and informed Plaintiff that the fraudster used a San Fransico address in connection with their enrollment.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶63:**

Plaintiff has no connection or relation to this San Fransico address, further demonstrating the accounts were opened fraudulently in Plaintiff's name.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶64:**

On or about June 1, 2025, Plaintiff spoke with a representative at TransUnion who requested a copy of Plaintiff's FTC Fraud Affidavit for purposes of investigating the disputed information, which Plaintiff promptly provided.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶65:**

To ensure all CRAs received consistent and complete information, Plaintiff mailed copies of her FTC Affidavit, dated June 2, 2025, via certified mail to Equifax, TransUnion, and Experian. In her letter, Plaintiff also described the information she had obtained from her visit to CRC and once again requested that the inaccurate information reported by EdFinancial be removed from her credit reports.

322357494v.1

**ANSWER:**

Equifax admits that on June 6, 2025, it received a letter from Plaintiff, or someone purporting to be Plaintiff, concerning the EdFinancial accounts, the contents of which speak for themselves. Equifax denies reporting inaccurate information.

**COMPLAINT ¶66:**

On or about June 7, 2025, Plaintiff spoke with Equifax representative "Ella," who noted that Plaintiff's name had been incorrectly listed as "Susan Lewis" in Equifax's system. Equifax updated its records to reflect Plaintiff's correct name.

**ANSWER:**

Equifax admits that on June 7, 2025, it received a telephone call from Plaintiff, or someone purporting to be Plaintiff.

**COMPLAINT ¶67:**

On June 9, 2025, Plaintiff contacted the Discharged Department of Federal Student Aid ("FSA") and was transferred to a representative named "Lavita" who then transferred Plaintiff to another representative named "Victoria," to discuss the fraudulent EdFinancial Account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶68:**

Victoria informed Plaintiff that Plaintiff would need to gain access to the accounts online in order to prevent the fraudster from opening additional fraudulent student loan accounts using Plaintiff's information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

1

**COMPLAINT ¶69:**

2

Victoria assured Plaintiff that this was standard protocol and advised Plaintiff to contact

3

EdFinancial directly, explaining that FSA could not take further action until EdFinancial discharged or

4

otherwise cleared the loans.

5

**ANSWER:**

6

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

7

paragraph and, on that basis, denies the allegations contained therein.

8

**COMPLAINT ¶70:**

9

Victoria further explained that once EdFinancial cleared the fraudulent loans, FSA would then

10

process the discharge, but that Plaintiff should allow approximately 60-days for this process.

11

**ANSWER:**

12

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

13

paragraph and, on that basis, denies the allegations contained therein.

14

**COMPLAINT ¶71:**

15

Thereafter, Plaintiff spoke with yet another EdFinancial representative, identified as "Pamela,"

16

who confirmed receipt of Plaintiff's Loan Discharge Application packet and requested Plaintiff wait 60-

17

days for EdFinancial to complete its investigation.

18

**ANSWER:**

19

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

20

paragraph and, on that basis, denies the allegations contained therein.

21

**COMPLAINT ¶72:**

22

Pamela stated that once the investigation was completed, EdFinancial would notify Plaintiff, the

23

Department of Education's Office of FSA, and the consumer reporting agencies.

24

**ANSWER:**

25

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

26

paragraph and, on that basis, denies the allegations contained therein.

27

28

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

**COMPLAINT ¶73:**

On June 11, 2025, Plaintiff received an email from TransUnion indicating that EdFinancial verified the EdFinancial Account as belonging to Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶74:**

Between June 12, 2025 and June 18, 2025, Plaintiff continued to provide additional information and documentation to the credit reporting agencies—despite Plaintiff already providing extremely detailed documents supporting the identity theft.

**ANSWER:**

Equifax admits that on June 23, 2025, it received a subsequent letter from Plaintiff, or someone purporting to be Plaintiff, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶75:**

For instance, on June 12, 2025, Plaintiff submitted additional requested documents via mail to Equifax; and on June 13, 2025, Plaintiff uploaded additional requested documentation to Experian.

**ANSWER:**

Equifax admits that on June 23, 2025, it received a subsequent letter from Plaintiff, or someone purporting to be Plaintiff, the contents of which speak for themselves. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶76:**

Then, on June 18, 2025, Plaintiff sent even more documentation via mail to Equifax.

**ANSWER:**

Equifax admits that on June 23, 2025, it received a subsequent letter from Plaintiff, or someone purporting to be Plaintiff, the contents of which speak for themselves. Equifax lacks knowledge or

24

322357494v.1

information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶77:**

On or about June 25, 2025, TransUnion temporarily removed the EdFinancial account from Plaintiff's credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶78:**

On June 26, 2025, Plaintiff contacted Experian and spoke with a representative named "Cameron," who informed Plaintiff that EdFinancial's investigation was still pending.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶79:**

Despite TransUnion's prior removal of the EdFinancial account, on or about July 5, 2025, the EdFinancial Account reappeared on Plaintiff's TransUnion credit report.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶80:**

When Plaintiff spoke with TransUnion representative "Taylor," she explained that EdFinancial had reinstated the EdFinancial Account and that it was being reported as accurate.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

322357494v.1

1

**COMPLAINT ¶81:**

2

        Frustrated that the EdFinancial Account was continuing to be reported to Plaintiff's credit reports,

3

despite Plaintiff providing more than enough information to Defendants to remove the account, Plaintiff

4

reached out to EdFinancial yet again.

5

**ANSWER:**

6

        Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

7

paragraph and, on that basis, denies the allegations contained therein.

8

**COMPLAINT ¶82:**

9

        Indeed, on or about July 7, 2025, Plaintiff contacted EdFinancial and spoke with a representative

10

identified as "Tristan." Tristan advised Plaintiff that EdFinancial did not receive the Loan Discharge

11

Application packet that was faxed on May 22, 2025, and that the EdFinancial Account remained open and

12

was considered valid.

13

**ANSWER:**

14

        Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

15

paragraph and, on that basis, denies the allegations contained therein.

16

**COMPLAINT ¶83:**

17

        Plaintiff informed Tristam about her previous communication with the EdFinancial representative

18

named "Pamela" on June 9, 2025, during which Pamela confirmed receipt of the Loan Discharge

19

Application. Tristan responded that he was not responsible for prior statements and transferred Plaintiff

20

to the Escalation Department for further assistance.

21

**ANSWER:**

22

        Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

23

paragraph and, on that basis, denies the allegations contained therein.

24

**COMPLAINT ¶84:**

25

        Upon being transferred to the Escalation Department, Plaintiff spoke with representative

26

"Keyanna," who confirmed that she could not locate the May 22, 2025 Loan Discharge Application or

27

any related documentation on the account.

28

322357494v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶85:**

Frustrated by the continued back-and-forth with EdFinancial and the ongoing reporting of the fraudulent EdFinancial Account, Plaintiff filed a dispute online at StudentAid.gov on or about July 7, 2025. Plaintiff also filed a complaint with the CFPB.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶86:**

On or about July 8, 2025, Plaintiff re-sent the Loan Discharge Application packet to EdFinancial via fax (for the second time), and via email and certified mail to ensure proper receipt and documentation of the request.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶87:**

In addition, Plaintiff submitted an updated disputes to Equifax, Trans Union, and Experian detailing EdFinancial's mishandling of the previously submitted documentation and again requesting that the fraudulent EdFinancial Account be removed from her credit reports.

**ANSWER:**

Equifax admits that on July 11, 2025, it received a letter from Plaintiff, or someone purporting to be Plaintiff concerning the EdFinancial accounts, the contents of which speak for themselves.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

**COMPLAINT ¶88:**

On or about July 14, 2025, Plaintiff contacted EdFinancial and spoke with a representative identified as "Tyler," who stated that the EdFinancial Account was currently in "forbearance" status and that payments would be paused.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶89:**

Tyler also confirmed receipt of Plaintiff's second submission of the Loan Discharge Application on July 8, 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶90:**

Tyler further stated that he would submit a ticket to have a letter sent to Plaintiff confirming receipt of the Loan Discharge Application.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶91:**

On July 17, 2025, Plaintiff received a call from an EdFinancial representative named "Oscar," who confirmed the second submission of the Loan Discharge Application had been received and was under review.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

322357494v.1

**COMPLAINT ¶92:**

Oscar requested that Plaintiff allow EdFinancial 60 days to complete its investigation and stated that the packet had been forwarded to the Department of Education.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶93:**

On July 18, 2025, Plaintiff spoke with a TransUnion representative named "Ergo," who informed Plaintiff that her dispute was still under review.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶94:**

On or about July 28, 2025, Plaintiff sent additional information as requested by EdFinancial in support for her loan discharge request. Plaintiff again included: (1) the FTC Fraud Affidavit and Consumer Report to the FTC; (2) a copy of the May 21, 2025 Police Report; (3) copies of Plaintiff's written disputes to the CRAs sent on May 21, 2025; June 2, 2025; and July 8, 2025. Upon information and belief, these documents were sent to DOE.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶95:**

On August 5, 2025, Plaintiff contacted EdFinancial and spoke with a representative identified as "Michelle," who informed Plaintiff that her account remained in forbearance.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

322357494v.1

1

**COMPLAINT ¶96:**

2

On September 3, 2025, Plaintiff sent another direct dispute to EdFinancial via certified mail and

3

fax, which again included a detailed narrative of the circumstances of the identity theft and Plaintiff's

4

efforts to dispute the EdFinancial Account.

5

**ANSWER:**

6

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

7

paragraph and, on that basis, denies the allegations contained therein.

8

**COMPLAINT ¶97:**

9

On September 9, 2025, Plaintiff submitted another complaint via StudentAid.gov regarding the

10

continued mishandling of the fraudulent EdFinancial Account and the ongoing reporting issues of this

11

fraudulent debt. Plaintiff also provided EdFinancial with a copy of her birth certificate on September 9,

12

2025.

13

**ANSWER:**

14

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

15

paragraph and, on that basis, denies the allegations contained therein.

16

**COMPLAINT ¶98:**

17

However, the inaccurate reporting of the EdFinancial Account continued, despite Plaintiff

18

thoroughly disputing the reporting with each Defendant.

19

**ANSWER:**

20

Equifax admits that, at times, EdFinancial has furnished information to it concerning Plaintiff.

21

Equifax further admits that it has received disputes from Plaintiff, or someone purporting to be Plaintiff,

22

concerning the EdFinancial accounts. Equifax denies reporting inaccurate information and denies any

23

remaining allegations in this paragraph.

24

**COMPLAINT ¶99:**

25

What's worse is that Plaintiff received a letter from EdFinancial, dated September 22, 2025, in an

26

attempt to collect on the fraudulent debt, stating in pertinent part: "[w]e would like to remind you that you

27

are scheduled to begin repayment on the loan(s) included in the table listed below soon."

28

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶100:**

Upon receiving this communication Plaintiff felt frustration, anger, hopelessness, anxiety and fear that she was being held liable for a debt that did not belong to her.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶101:**

On October 19, 2025, well past the 60-day investigation period previously indicated by EdFinancial, Plaintiff contacted EdFinancial and spoke with a representative named "Austin." Austin stated that the EdFinancial Account was still in forbearance and that the investigation remained ongoing.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶102:**

Growing frustrated by the lack of progress in resolving the issues with the EdFinancial Account, on October 22, 2025, Plaintiff again contacted EdFinancial and spoke with Austin, who confirmed the EdFinancial Account was still in forbearance and instructed Plaintiff to allow until November 6, 2025, for further information.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

322357494v.1

**COMPLAINT ¶103:**

On October 23, 2025, Plaintiff contacted EdFinancial and spoke with a representative named "Samuel," who informed Plaintiff that on October 22, 2025, EdFinancial mailed a packet to Plaintiff to complete regarding her identity theft loan discharge.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶104:**

Plaintiff explained to Samuel that she had already completed this packet and That the dispute regarding the EdFinancial Account had been ongoing since May 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶105:**

Samuel, with the assistance of his supervisor "Jed," clarified that rather than a loan discharge packet, EdFinancial mailed a letter to- Plaintiff requesting her high school transcript on October 22, 2025. Plaintiff never received this communication.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶106:**

Frustrated by the continued back-and-forth, Plaintiff asked why this information was not requested earlier along with the other documentation. Samuel explained that FAFSA requested the information and that EdFinaincal was merely forwarding the request.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT ¶107:**

Plaintiff then contacted FAFSA to clarify what additional documentation was needed. Plaintiff spoke with "Linda," who clarified that FAFSA would never request a high school transcript. Linda further explained that FAFSA required additional documentation for the cases that Plaintiff had opened in July 2025 and September 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶108:**

However, both cases were marked as "closed," and no representative had reached out to Plaintiff to obtain the requested documents.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶109:**

Linda was unable to provide an answer to Plaintiff's questions regarding the lack of communication on the closed cases and instructed Plaintiff to log on to StudentAid.gov to submit the required documentation.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶110:**

Plaintiff attempted to submit documents for the cases that she had opened in July 2025 and September 2025, but due to their "closed" status, she was unable to do so. As a result, Plaintiff opened a new case.

322357494v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶111:**

Then, Plaintiff received a letter dated October 30, 2025, from EdFinancial with the payoff amount relating to the EdFinancial Account, which represented that Plaintiff allegedly now owed $5,005.15 (due to the accrual of $255.15 in interest).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶112:**

This October 30, 2025 letter further indicated that Plaintiff had payments in the amount of $20.33 a month and $36.48 a month due November 19, 2025 (and every month thereafter through October of 2035).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶113:**

Upon receiving this communication, Plaintiff become panicked that she may never get this issue resolved and was frustrated that the EdFinancial Account was still reporting to all three of her credit reports with Experian, Trans Union, and Equifax.

**ANSWER:**

Equifax admits that, at times, EdFinancial has furnished information to it concerning Plaintiff. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶114:**

In a final attempt to resolve this situation informally, on November 4, 2025, Plaintiff sent a written dispute to the DOE titled, "Formal Complaint and Request for Immediate Investigation — Identity Theft Loan Discharge Mishandling (Ed Financial Services)."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶115:**

That same day, Plaintiff also mailed a certified copy of that dispute to the DOE to EdFinancial and sent it via fax and email. Plaintiff also submitted another dispute on November 4, 2025, via studentaid.gov.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶116:**

As of the filing of this Complaint, the EdFinancial Account is still being reported to Plaintiff's Experian, Equifax and TransUnion credit reports. This reporting continues to be inaccurate and misleading since the EdFinancial Account is fraudulent and the result of identity theft.

**ANSWER:**

Equifax admits that, at times, EdFinancial has furnished information to it concerning Plaintiff. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶117:**

Additionally, on or about November 23, 2025, Plaintiff received a notice from EdFinancial, in an attempt to collect a debt, claiming that she owed $113.62 towards the EdFinancial Account. Plaintiff also received a second notice from EdFinancial, in an attempt to collect a debt, that same day, stating that the EdFinancial Account is past due. These communications caused Plaintiff extreme frustration, anger,

anxiety and other feelings of emotional distress as Plaintiff continues to be held liable for this fraudulent debt as of the filing of this Complaint. Plaintiff also worries about the future impact this EdFinancial Account will have on her credit reports as this account is now allegedly past due (though the balance is not owed by Plaintiff).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶118:**

As the data furnishers for Plaintiff's account, DOE and EdFinancial have control over the status of Plaintiff's EdFinancial Account, including suppression and permanently deleting the account at issue, yet, upon information and belief, they failed to do so as the EdFinancial Account is still being reported to Plaintiff's credit reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶119:**

Upon information and belief, DOE failed to adequately supervise or oversee EdFinancial's reporting of the EdFinancial Account, despite its duties and role as the federal agency responsible for the account. This lack of supervision has contributed to the continued inaccurate reporting of the fraudulent EdFinancial Account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶120:**

Similarly, each of the CRAs has a duty to reasonably investigate Plaintiff's written disputes, which was clearly not done here.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

1

**ANSWER:**

2

Equifax denies the allegations in this paragraph.

3

**COMPLAINT ¶121:**

4

Upon information and belief, as of the date of the filing of this Complaint, the EdFinancial Account

5

is being reported inaccurately by each of the CRAs and such tradeline was not promptly deleted in

6

response to Plaintiff's May 2025, June 2025 or July 2025 written disputes.

7

**ANSWER:**

8

Equifax admits that, at times, EdFinancial has furnished information to it concerning Plaintiff.

9

Equifax denies reporting inaccurate information and denies that it violated the FCRA or any other law.

10

Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in

11

this paragraph and, on that basis, denies the allegations contained therein.

12

**COMPLAINT ¶122:**

13

The harm caused by Defendants is continuing through the present day. Indeed, Plaintiff still has

14

feelings of embarrassment, shame and hopeless that she might never get this situation resolved. This is

15

especially true since the EdFinancial Account has not been removed from Plaintiff's credit reports and

16

continues to inaccurately reflect that the account belongs to Plaintiff and that she owes an outstanding

17

balance of at least $1,750 and $3,000 (plus interest).

18

**ANSWER:**

19

Equifax denies the allegations in this paragraph.

20

**COMPLAINT ¶123:**

21

Plaintiff disputed the inaccurate reporting of the EdFinancial Account with the consumer reporting

22

agencies, EdFinancial, and directly with DOE through the Office of Federal Student Aid and FAFSA. The

23

consumer reporting agencies, in turn, also notified DOE and EdFinancial of Plaintiff's disputes regarding

24

the EdFinancial Account.

25

**ANSWER:**

26

Equifax admits that it has received disputes from Plaintiff, or someone purporting to be Plaintiff,

27

concerning the EdFinancial accounts. Equifax further admits that it contacted EdFinancial in connection

28

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

with its investigation of Plaintiff's disputes. Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶124:**

Despite receiving such notice, DOE and EdFinancial failed to conduct a reasonable investigation, correct, update, or delete the inaccurate information, and continued to furnish the EdFinancial Account information to one or more consumer reporting agencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶125:**

DOE and EdFinancial's failure to comply with these duties as a furnisher under 15 U.S.C. § 1681s-2(b) constitutes a willful and negligent violation of the FCRA, causing actual damages to Plaintiff, including harm to creditworthiness and emotional distress. Plaintiff is entitled to damages, statutory penalties, and attorney's fees under 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶126:**

Upon information and belief, EdFinancial and DOE have not taken affirmative steps to suppress the reporting of the EdFinancial Account from Plaintiff's credit reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶127:**

Through this conduct, DOE and EdFinancial have violated 15 U.S.C. § 1681s-2 by failing to investigate and correct the accurate information regarding the fraudulent EdFinancial Account reported to

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

consumer reporting agencies, thereby continuing to furnish false information about Plaintiff's credit history.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶128:**

Through this conduct, EdFinancial has violated Cal. Civ. Code 1785.25(a) by furnishing information to consumer reporting agencies that it knew or should know was inaccurate.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶129:**

Upon information and belief, DOE and EdFinancial submitted inaccurate information regarding Plaintiff to TransUnion, Experian, and Equifax every thirty days during the period of, a least, April of 2025 through the present.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶130:**

Accordingly, DOE and EdFinancial willfully and negligently failed to fulfill their statutory duties to reasonably investigate Plaintiff's disputes and to ensure accurate reporting. DOE and EdFinancial did not permanently remove, block, or suppress the fraudulent EdFinancial Account from Plaintiff's credit reports.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

322357494v.1

1

**COMPLAINT ¶131:**

2

Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness and has

3

affected Plaintiff negatively due to the misleading nature of the inaccurate credit reporting regarding the

4

EdFinancial Account, including the falsely reporting that Plaintiff incurred student loans in the amount of

5

$1,750 and $3,000—loans that Plaintiff never applied for nor authorized anyone to incur on her behalf.

6

**ANSWER:**

7

Equifax denies the allegations in this paragraph.

8

**COMPLAINT ¶132:**

9

Additionally, Plaintiff's credit score dropped significantly when the EdFinancial Account began

10

reporting to Plaintiff's credit reports in or around April of 2025. As a result, Plaintiff was initially unable

11

to move forward with her plans to purchase a home and was forced to switch lenders.

12

**ANSWER:**

13

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

14

paragraph and, on that basis, denies the allegations contained therein.

15

**COMPLAINT ¶133:**

16

Such damages are likely to continue to incur unless Defendants are permanently enjoined from

17

reporting and/or prosecuting Plaintiff for a debt that does not belong to her, and EdFinancial is ordered to

18

declare Plaintiff's lack of liability to as to the EdFinancial Account at issue pursuant Cal. Civ. Code §§

19

1798.93(c)(1)-(2).

20

**ANSWER:**

21

Equifax denies the allegations in this paragraph.

22

**COMPLAINT ¶134:**

23

As a result of the actions alleged herein, the Credit Bureaus also failed to conduct a reasonable

24

investigation with respect to the disputed information as required by 15 U.S.C. §1681i.

25

**ANSWER:**

26

Equifax denies the allegations in this paragraph.

27

28

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

**COMPLAINT ¶135:**

Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's disputes with the Credit Bureaus were fruitless.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶136:**

Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶137:**

Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶138:**

Defendants' failure to correct the inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶139:**

Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶140:**

Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

41

322357494v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶141:**

Defendants' conduct alleged herein has also caused Plaintiff emotional distress that continues until the present day as the EdFinancial Account continues to be reported to Plaintiff's credit reports.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶142:**

Plaintiff has spent countless hours disputing this inaccurate information without success.

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶143:**

Plaintiff's anxiety, frustration, stress, lack of sleep, nervousness, anger, and embarrassment continues to this day because the inaccurate reporting of the EdFinancial Account mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score that is otherwise in good standing despite the delinquent fraudulent debt that does not belong to Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶144:**

Despite Plaintiff's repeated attempts, Defendants continued to engage in collection activates and/or inaccurately report the EdFinancial Account to Plaintiff's credit reports.

**ANSWER:**

Equifax denies the allegations in this paragraph.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

1

**COMPLAINT ¶145:**

2

As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered

3

actual damages, including, but not limited to, reviewing credit reports, attorneys' fees, loss of credit, loss

4

of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and

5

anguish, and humiliation and embarrassment of the possibility of credit denials.

6

**ANSWER:**

7

Equifax denies the allegations in this paragraph.

8

**COMPLAINT ¶146:**

9

Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct

10

Defendants' inaccurate and derogatory information, without success.

11

**ANSWER:**

12

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information

13

sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies

14

the allegations contained therein.

15

**COMPLAINT ¶147:**

16

Plaintiff also has refrained from utilizing her credit for fear of future denials.

17

**ANSWER:**

18

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

19

paragraph and, on that basis, denies the allegations contained therein.

20

**COMPLAINT ¶148:**

21

Based upon the discussion above, Plaintiff contends that punitive damages are available to

22

Plaintiff.

23

**ANSWER:**

24

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any

25

other law, and denies that Plaintiff is entitled to any damages whatsoever.

26

27

28

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

**COMPLAINT ¶149:**

By intentionally reporting inaccurate information, Defendants acted in conscious disregard for Plaintiff's rights.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶150:**

Since Plaintiff's efforts to correct her credit report were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶151:**

Through this conduct, Defendant EdFinancial violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of the alleged debt, including by repeatedly reporting the fraudulent EdFinancial Account as valid to consumer reporting agencies and attempting to collect on the loans that Plaintiff never applied for or authorized. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶152:**

Through this conduct, Defendant EdFinancial violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the debt in connection with the collection of the alleged debt, including by representing to Plaintiff and consumer reporting agencies that Plaintiff was legally obligated for the student loans she never incurred. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

322357494v.1

1

**ANSWER:**

2

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

3

paragraph and, on that basis, denies the allegations contained therein.

4

**COMPLAINT ¶153:**

5

Through this conduct, Defendant EdFinancial violated 15 U.S.C. § 1692e(10) by using false

6

representations and deceptive means to collect Plaintiff's alleged debt, including by continuing to report

7

and attempt to collect on fraudulent student loans despite repeated notice from Plaintiff that the accounts

8

were fraudulent. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus,

9

Defendant violated Cal. Civ. Code § 1788.17.

10

**ANSWER:**

11

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

12

paragraph and, on that basis, denies the allegations contained therein.

13

**COMPLAINT ¶154:**

14

Through this conduct, Defendant EdFinancial violated 15 U.S.C. § 1692f by using unfair and

15

unconscionable means to collect the alleged debt. This section is incorporated into the RFDCPA through

16

Cal. Civ. Code § 1788.17; thus, Defendant violated Cal. Civ. Code § 1788.17.

17

**ANSWER:**

18

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

19

paragraph and, on that basis, denies the allegations contained therein.

20

**COMPLAINT ¶155:**

21

The refusal of EdFinancial to honor Plaintiff's fraud claim within 30 days of receiving such written

22

notice is in violation of Cal. Civ. Code § 1798.92.

23

**ANSWER:**

24

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

25

paragraph and, on that basis, denies the allegations contained therein.

26

27

28

322357494v.1

1

## ACTUAL DAMAGES

2

**COMPLAINT ¶156:**

3

As a result of Defendants' actions, omissions, and willful action and inaction, Plaintiff has suffered

4

damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit,

5

invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea,

6

and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset,

7

humiliation, and embarrassment, amongst other negative emotions.

8

**ANSWER:**

9

Equifax denies the allegations in this paragraph.

10

**COMPLAINT ¶157:**

11

Plaintiff has suffered pecuniary loss in attempting to correct Defendants' reporting of inaccurate

12

and derogatory information, without success, including but not limited to time loss, charges for cellular

13

phone usage, court costs and attorneys' fees, costs of mailing the disputes, and loss of productive time.

14

**ANSWER:**

15

Equifax denies the allegations in this paragraph.

16

**COMPLAINT ¶158:**

17

Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate and derogatory

18

information is analogous to the common law tort of defamation.

19

**ANSWER:**

20

Equifax denies the allegations in this paragraph.

21

**COMPLAINT ¶159:**

22

Furthermore, the Legislature enacted the FCRA to protect consumers from precisely the conduct

23

described in this Complaint. The banking system is dependent upon fair and accurate credit reporting; and

24

inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting

25

methods undermine the public confidence, which is essential to the continued functioning of the banking

26

system.

27

28

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶160:**

Consequently, the FCRA was enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶161:**

The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had the Legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

**ANSWER:**

Equifax denies the allegations in this paragraph.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681c-2(a)

## [AS TO EXPERIAN, TRANSUNION AND EQUIFAX]

**COMPLAINT ¶162:**

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶163:**

Defendant Experian, TransUnion, and Equifax violated 15 U.S.C. §1681c-2(a) when they each failed to block the reporting of information in Plaintiff's consumer file that Plaintiff identified as having resulted from an alleged identity theft within 4 days of receipt of proof of identity, ID theft report, identification of the ID theft related information, and a statement from Plaintiff that the information is not related to any transaction made by Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶164:**

Between May and July of 2025, Plaintiff sent, via certified mail, an Identity Theft Notification to Defendants Experian, TransUnion, and Equifax, which included Plaintiff's name, government-issued photo ID last 4 digits of her SSN, address, statement that the EdFinancial Account was fraudulent debt incurred because of identity theft, as well as a detailed FTC Fraud Affidavit explaining the circumstances of the fraud along with a copy of Plaintiff's Police Report.

322357494v.1

1

**ANSWER:**

2          Equifax admits that, in May 2025, June 2025, and July 2025, it received letters from Plaintiff, or

3   someone purporting to be Plaintiff, concerning the EdFinancial accounts, the contents of which speak for

4   themselves.

5   **COMPLAINT ¶165:**

6          As of the date of the filing of this Complaint, Defendants' credit reports for Plaintiff still showed

7   the EdFinancial Account in its entirety, with the full fraudulent balances.

8   **ANSWER:**

9          Equifax denies reporting inaccurate information. Equifax lacks knowledge or information

10  sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies

11  the allegations contained therein.

12  **COMPLAINT ¶166:**

13         As a result of the conduct, actions and inactions of Defendants, Plaintiff suffered actual damages

14  including without limitation, by example only and as described herein: loss of credit, damage to reputation,

15  embarrassment, humiliation and other mental and emotional distress.

16  **ANSWER:**

17         Equifax denies the allegations in this paragraph.

18  **COMPLAINT ¶167:**

19         The conduct, actions and inactions by Defendants were willful, rendering Defendants liable for

20  punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the

21  alternative Defendants were at a minimum negligent entitling the Plaintiff to recover under 15 U.S.C.

22  §1681o.

23  **ANSWER:**

24         Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any

25  other law, and denies that Plaintiff is entitled to any damages whatsoever.

26

27

28

322357494v.1

1  **COMPLAINT ¶168:**

2      Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from

3  Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

4  **ANSWER:**

5      Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any

6  other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

7                                    **COUNT II**

8            **VIOLATION OF THE FAIR CREDIT REPORTING ACT**

9                              **15 U.S.C. § 1681e(b)**

10           **[AS TO EXPERIAN, TRANSUNION AND EQUIFAX]**

11  **COMPLAINT ¶169:**

12      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully

13  stated herein.

14  **ANSWER:**

15      Equifax incorporates the preceding answers as though the same were set forth at length herein.

16  **COMPLAINT ¶170:**

17      Defendants violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures

18  to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files it

19  published and maintains concerning the Plaintiff.

20  **ANSWER:**

21      Equifax denies the allegations in this paragraph.

22  **COMPLAINT ¶171:**

23      As a result of the conduct, actions and inactions of Defendants, Plaintiff suffered actual damages

24  including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:

25  loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

26  **ANSWER:**

27      Equifax denies the allegations in this paragraph.

28

322357494v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT ¶172:**

The conduct, actions and inactions by Defendants was willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were at a minimum negligent entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶173:**

Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

**COUNT III**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681i(a)(1)**

**[AS TO EXPERIAN, TRANSUNION AND EQUIFAX]**

**COMPLAINT ¶174:**

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶175:**

Defendants violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit files.

322357494v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶176:**

As a result of the conduct, actions and inactions of Defendants Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶177:**

The conduct, actions and inactions by Defendants was willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were negligent entitling Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶178:**

Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

322357494v.1

# COUNT IV

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681i(a)(4)

#### [AS TO EXPERIAN, TRANSUNION AND EQUIFAX]

**COMPLAINT ¶179:**

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶180:**

Defendants violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶181:**

As a result of the conduct, actions and inactions of Defendants Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶182:**

The conduct, actions and inactions by Defendants was willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

322357494v.1

1

**COMPLAINT ¶183:**

2

The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees

3

from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

4

**ANSWER:**

5

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any

6

other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

7

**COUNT V**

8

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

9

**15 U.S.C. § 1681i(a)(5)(A)**

10

**[AS TO EXPERIAN, TRANSUNION AND EQUIFAX]**

11

**COMPLAINT ¶184:**

12

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully

13

stated herein.

14

**ANSWER:**

15

Equifax incorporates the preceding answers as though the same were set forth at length herein.

16

**COMPLAINT ¶185:**

17

Defendants violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete

18

the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information

19

upon an accurate reinvestigation.

20

**ANSWER:**

21

Equifax denies the allegations in this paragraph.

22

**COMPLAINT ¶186:**

23

As a result of the conduct, actions and inactions of Defendants, Plaintiff suffered actual damages

24

including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:

25

loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

26

**ANSWER:**

27

Equifax denies the allegations in this paragraph.

28

322357494v.1

1

**COMPLAINT ¶187:**

2

3

The conduct, actions and inactions by Defendants was willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

4

5

**ANSWER:**

6

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

7

8

**COMPLAINT ¶188:**

9

The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

10

11

**ANSWER:**

12

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

13

14

**COUNT VI**

15

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

16

**15 U.S.C. § 1681s-2(b)(1)(A)**

17

**[AS TO EDFINANCIAL AND DEPARTMENT OF EDUCATION]**

18

**COMPLAINT ¶189:**

19

20

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21

**ANSWER:**

22

Equifax incorporates the preceding answers as though the same were set forth at length herein.

23

**COMPLAINT ¶190:**

24

25

EdFinancial and DOE, as furnishers of information, were required to conduct a reasonable investigation into the disputed account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

26

27

28

322357494v.1

1

**ANSWER:**

2       Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and

3  Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out

4  of context the contents of the statutory provisions referenced by this paragraph.

5  **COMPLAINT ¶191:**

6       EdFinancial and DOE violated 15 U.SC. § 1681s-2(b)(1)(A) on multiple occasions by failing to

7  conduct a reasonable investigation to determine whether the disputed information is inaccurate and record

8  the current status of the disputed information or request the item to be permanently deleted Plaintiff's

9  credit files.

10 **ANSWER:**

11       Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

12 paragraph and, on that basis, denies the allegations contained therein.

13 **COMPLAINT ¶192:**

14       Accordingly, EdFinancial and DOE failed to conduct a reasonable investigation with respect to

15 the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the

16 disputed and incorrect information.

17 **ANSWER:**

18       Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

19 paragraph and, on that basis, denies the allegations contained therein.

20 **COMPLAINT ¶193:**

21       As a result of the conduct, actions and inactions of EdFinancial and DOE, Plaintiff suffered actual

22 damages including without limitation, by example only and as described herein on Plaintiff's behalf by

23 counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional

24 distress.

25 **ANSWER:**

26       Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

27 paragraph and, on that basis, denies the allegations contained therein.

28

322357494v.1

1

**COMPLAINT ¶194:**

2

The conduct, actions and inactions by EdFinancial and DOE were willful, rendering EdFinancial

3

and DOE liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.

4

§1681n. In the alternative, EdFinancial and DOE were negligent entitling the Plaintiff to recover under 15

5

U.S.C. §1681o.

6

**ANSWER:**

7

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

8

paragraph and, on that basis, denies the allegations contained therein.

9

**COMPLAINT ¶195:**

10

The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees

11

from EdFinancial and DOE in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and

12

§1681o.

13

**ANSWER:**

14

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

15

paragraph and, on that basis, denies the allegations contained therein.

16

**COUNT VII**

17

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

18

**15 U.S.C. § 1681s-2(b)(1)(B)**

19

**[AS TO EDFINANCIAL AND DEPARTMENT OF EDUCATION]**

20

**COMPLAINT ¶196:**

21

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully

22

stated herein.

23

**ANSWER:**

24

Equifax incorporates the preceding answers as though the same were set forth at length herein.

25

**COMPLAINT ¶197:**

26

EdFinancial and DOE violated 15 U.S.C. § 1681s-2(b)(1)(B) on multiple occasions by failing to

27

review all relevant information provided by Plaintiff in the disputes to the Credit Bureaus.

28

57

1

**ANSWER:**

2

      Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

3

paragraph and, on that basis, denies the allegations contained therein.

4

**COMPLAINT ¶198:**

5

      As a result of the conduct, actions and inactions of EdFinancial and DOE, Plaintiff suffered actual

6

damages including without limitation, by example only and as described herein on Plaintiff's behalf by

7

counsel: loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional

8

distress.

9

**ANSWER:**

10

      Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

11

paragraph and, on that basis, denies the allegations contained therein.

12

**COMPLAINT ¶199:**

13

      The conduct, actions and inactions by EdFinaincal and DOE were willful, rendering EdFinancial

14

and DOE liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.

15

§1681n.

16

**ANSWER:**

17

      Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

18

paragraph and, on that basis, denies the allegations contained therein.

19

**COMPLAINT ¶200:**

20

      In the alternative, EdFinancial and DOE were negligent entitling the Plaintiff to recover under 15

21

U.S.C. §1681o.

22

**ANSWER:**

23

      Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

24

paragraph and, on that basis, denies the allegations contained therein.

25

26

27

28

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

1

**COMPLAINT ¶201:**

2

The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees

3

from EdFinancial and DOE in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and

4

§1681o.

5

**ANSWER:**

6

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

7

paragraph and, on that basis, denies the allegations contained therein.

8

**COUNT VIII**

9

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

10

**15 U.SC. § 1681s-2(b)(1)(C)-(E)**

11

**[AS TO EDFINANCIAL AND DEPARTMENT OF EDUCATION]**

12

**COMPLAINT ¶202:**

13

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully

14

stated herein.

15

**ANSWER:**

16

Equifax incorporates the preceding answers as though the same were set forth at length herein.

17

**COMPLAINT ¶203:**

18

Due to EdFinancial's and DOE's failure to reasonably investigate, EdFinancial and DOE further

19

failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby

20

causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

21

**ANSWER:**

22

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

23

paragraph and, on that basis, denies the allegations contained therein.

24

**COMPLAINT ¶204:**

25

By inaccurately reporting account information after notice and confirmation of its errors,

26

EdFinancial and DOE failed to take appropriate measures as required by 15 U.S.C. § 168 ls-2(b)(1)(D);

27

and, (E).

28

59

322357494v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶205:**

The conduct, actions and inactions by EdFinancial and DOE were willful, rendering EdFinancial and DOE liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶206:**

In the alternative, EdFinancial and DOE were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶207:**

The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from EdFinancial in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

322357494v.1

## COUNT IX

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES

## ACT CAL. CIV. CODE § 1785.1, *ET SEQ.*

## [AS TO EDFINANCIAL]

**COMPLAINT ¶208:**

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶209:**

The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶210:**

In the regular course of its business operations, EdFinancial routinely furnishes information to credit reporting agencies pertaining to transactions between DOE and DOE's consumers, thereby providing information to the credit reporting agencies regarding a consumer's credit worthiness, credit standing and credit capacity.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶211:**

Because EdFinancial is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), EdFinancial is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit

322357494v.1

1 reporting agency if the person knows or should have known that the information is incomplete or

2 inaccurate, as required by Cal. Civ. Code § 1785.25(a).

3 **ANSWER:**

4     Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

5 paragraph and, on that basis, denies the allegations contained therein.

6 **COMPLAINT ¶212:**

7     EdFinancial should have determined that its reporting was inaccurate through review of

8 EdFinancial's own account notes and records.

9 **ANSWER:**

10     Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

11 paragraph and, on that basis, denies the allegations contained therein.

12 **COMPLAINT ¶213:**

13     However, despite this knowledge of Plaintiff's identity theft and that the account was opened

14 fraudulently, EdFinancial continued to report the inaccurate EdFinancial Account to Plaintiff's credit

15 reports.

16 **ANSWER:**

17     Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

18 paragraph and, on that basis, denies the allegations contained therein.

19 **COMPLAINT ¶214:**

20     As a result of the willful, negligent, and/or reckless actions and inactions of EdFinancial, Plaintiff

21 suffered actual damages including without limitation, by example only and as described herein on

22 Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other

23 mental and emotional distress.

24 **ANSWER:**

25     Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this

26 paragraph and, on that basis, denies the allegations contained therein.

27

28

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

## COUNT X

## VIOLATIONS OF CALIFORNIA'S IDENTITY THEFT ACT

## CAL. CIV. CODE § 1798.92-1798.97

## [AS TO EDFINANCIAL]

**COMPLAINT ¶215:**

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶216:**

The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, *et seq.*, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶217:**

As alleged herein, Plaintiff first became aware that her identity was stolen in regard to the EdFinancial Account when she reviewed her credit report on or about May 15, 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶218:**

Prior to bringing this action, Plaintiff submitted to EdFinancial a Loan Discharge Application detailing the identity theft and fraudulent activity, along with a copy of the Police Report, FTC Fraud Affidavit and documentation disputing the validity of the loan with consumer reporting agencies.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶219:**

Despite receiving Plaintiff's notice of identity theft and copies of the Police Report, EdFinancial continued its collection activity and reporting of the fraudulent accounts, in violation of Cal. Civ. Code § 1798.92.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶220:**

As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COUNT XI**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**CAL. CIV. CODE § 1788, *ET SEQ.***

**[AS TO EDFINANCIAL]**

**COMPLAINT ¶221:**

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

322357494v.1

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶222:**

The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶223:**

Defendant EdFinancial engaged in debt collection activity concerning the fraudulent EdFinancial Account through at least November of 2025, including by continuing to send account statements, reporting the account to consumer reporting agencies as active, and otherwise communicating with Plaintiff regarding the fraudulent debt, despite EdFinancial's knowledge that Plaintiff did not owe the debt.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶224:**

As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code §1788.30(a); statutory damages for knowing or willful violation in the amount of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30, from Defendant.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant for:

65

**FIRST CAUSE OF ACTION**

**FAIR CREDIT REPORTING ACT,**

**15 U.S.C. §§ 1681, *ET SEQ.***

**[AS TO EXPERIAN, TRANSUNION, EQUIFAX, EDFINANCIAL**

**AND DEPARTMENT OF EDUCATION]**

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against each Defendant for each incident of willful noncompliance of the FCRA;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;

- Statutory damages;

- Punitive damages according to proof as to the FCRA, including, an award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n and/or § 1681o, against each Defendant for each incident of willful noncompliance .to the FCRA;

- Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, and 1681o;

- An order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

- An order directing that Defendants send to all persons and entities to whom they ( have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and,

- Any and all other relief the Court deems just and proper.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

**SECOND CAUSE OF ACTION**

**CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT,**

**CAL. Cry. CODE § 1785.1,** *ET SEQ.*

**[AS TO EDFINANCIAL]**

- Actual damages, including court costs, loss of wages, and pain and suffering pursuant to Cal. Civ. Code § 1785.31(a);

- Costs and reasonable attorney's fees pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 17,5.31(d);

- Punitive damages according to proof as to the CCCRAA, including an award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- Equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);

- An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

- An order directing that Defendant send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

- Any and all other relief the Court deems just and proper.

**THIRD CAUSE OF ACTION**

**CALIFORNIA IDENTITY THEFT ACT,**

**CAL. CIV. CODE § 1798.92,** *ET SEQ.*

**[AS TO EDFINANCIAL]**

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5);

- A civil penalty of $30,000 pursuant to Cal. Civ. Code § 1798.93(c)(6);

67

322357494v.1

- A declaration regarding Plaintiff's lack of liability to the claimants pursuant Cal. Civ. Code §§ 1798.93(c)(1)-(2);

- An injunction regarding claimants pursuant Cal. Civ. Code § 1798.93(c)(3); and,

- Any and all other relief the Court deems just and proper.

## FOURTH CAUSE OF ACTION

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT,

## CAL. CIV. CODE § 1788, *ET SEQ.*

## [AS TO EDFINANCIAL]

- An award of actual damages pursuant to California Civil Code § 1788.30(a);

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and

- Any and all other relief the Court deems just and proper.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## TRIAL BY JURY IS DEMANDED

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against Equifax. Equifax is neither incorporated nor headquartered in California, and the

68

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

conduct giving rise to Plaintiff's claims against Equifax occurred outside of California and was not targeted at California. Equifax is not a consumer reporting agency, did not and does not maintain a credit file on Plaintiff, and did not take any action regarding Plaintiff's credit file.

### SECOND DEFENSE

This Court is not the proper venue as to the claims Plaintiff brings against Equifax because the Court lacks personal jurisdiction over Equifax.

### THIRD DEFENSE

Plaintiff's claim fails in whole or in part to state a claim against Equifax upon which relief can be granted.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action;

(3)    it recover such other and additional relief as the Court deems just and appropriate.

DATED: January 23, 2026                          Respectfully submitted,

SEYFARTH SHAW LLP


By:  */s/ Ritika Singh*

Ritika Singh
*Counsel for Defendant*
*Equifax Information Services LLC*

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

322357494v.1

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2026, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


_/s/ Ritika Singh_____
Ritika Singh
*Counsel for Defendant*
*Equifax Information Services LLC*